*167 ORDER OF DISMISSAL
DAVID D. SHAW, Chief Judge.
This matter came before the Court on October 27, 2014 by way of Respondent’s Motion to Dismiss pursuant to FRCP 12(b)(6) and 12(b)(1). No oral argument was requested.
The Petition places at issue the question of whether a deceased Tribal Member (and its related legal representative) has the right to formal notice and all the administrative procedures and substantive rights of the Tribal Enrollment Ordinance when subject to a posthumous disenrollment action that follows a disenrollment action for a living relative with the same allegations of membership ineligibility. The Petition also places at issue the question of whether an adequate waiver of sovereign immunity exists to challenge such an action in this Tribal Court.
The Court rules on both issues in the negative. In addition, and without holding that an Ex Parte Young allegation of a lack of Constitutional authority would apply to allow an action that lacks a sufficient waiver of sovereign immunity, the Court finds that adequate legal authority (although poorly worded) exists in the Tribal Enrollment Ordinance, as derived from the Tribal Constitution and the power to manage the Tribal membership rolls, to reflect a current policy choice to not provide an independent formal notice and independent administrative and judicial appeal process to a deceased Tribal member prior to disenrollment if the same deceased Tribal member is related to a living Tribal member and the living Tribal member received, and participated in, the administrative disenrollment notice and process provided in the Tribal Ordinance.
The details of this decision and the fundamental role of tribal sovereign immunity in Indian law jurisprudence are detailed further below.

Material Facts

Petitioner filed this action to appeal a decision by the Respondent to remove a deceased individual from the Tribal membership roll. Petition.
The Petition makes reference at Paragraph 19 that the relevant decision to disenroll was initiated after Mr. Williams was deceased. Id. A final Tribal administrative decision to disenroll the deceased Tribal member at issue occurred on or about July 22, 2014. Id. at § 28.
The deceased Tribal Member at issue is related by family and lineal descent to several living Tribal Members that were subject to a proposed Tribal disenrollment. The Court takes judicial notice from the public record that these living Tribal Members received the notice and hearings and procedures and related final appeal rights to this Tribal Court referenced in the Enrollment Ordinance. However, as alleged in the Petition, the deceased Tribal Member (either directly or through some other person authorized to act on the deceased’s behalf such as a personal representative) did not receive the formal independent written notice of disenrollment and an independent administrative hearing process that the living relatives of the deceased Tribal Member received.
The Petition alleges at Paragraph 1 that this Tribal Court has jurisdiction pursuant to the Grand Ronde Enrollment Ordinance, the Tribal Constitution, and applicable statutes and common law.
Petitioner makes no assertion of standing to bring this action. Id.

Relevant Sections of the Tribal Enrollment Ordinance and Constitution

The Tribal Constitution, at Article V, Sections 3 and 5 mandates enactment of an *168 ordinance and rales and regulations for processing membership matters, including procedures for correction of the Tribal role and loss of membership. No mention of posthumous membership matters or a distinction between living and deceased Tribal members is referenced in Article V of the Constitution.
The Tribal Enrollment Ordinance could benefit from additional clarity on how a deceased Tribal Member shall be treated when related to a living Tribal Member subject to proposed disenrollment. However, the Ordinance is not completely silent on this topic and as a general matter, repeatedly uses the moniker “deceased” when referring to the rights and procedures applicable to a deceased individual. See, Enrollment Ordinance Sections (g)(1)(B); (g)(5)(a); (j).
Despite this pattern of using the moniker “deceased” throughout the Ordinance, no section of the Ordinance specifically discusses how, when, and why a deceased Tribal member can be removed from the Tribal membership roll. However, Section (i)(4) (Suspension of Tribal Benefits) discusses the effect of an administrative decision to remove a party from the membership roll and discusses membership benefits under Tribal housing and the Tribal health program, and also makes a reference to monetary “amounts” held in suspension and “paid” to a member. No allegation is made and the Court otherwise takes judicial notice that the types of membership benefits specifically referenced at Section (i)(4) would only be provided to a living individual.
No definition is provided in the Ordinance for the material term “person”. No definition is provided in the Ordinance for the material term “individual”. No definition is provided in the Ordinance for the material term “Appellant” used at Section (i)(5) to reference a party that could be eligible to file a judicial appeal of an Enrollment Committee decision to remove a party from the membership roll under the Ordinance’s waiver of Tribal sovereign immunity.

Legal Analysis

Petitioner alleges that it is a descended or heir of the deceased. However, Petitioner fails to sufficiently allege an applicable, explicit, written waiver of sovereign immunity that would apply to a descended or heir of the deceased to trigger the relevant Tribal Court jurisdiction. The relevant Enrollment Ordinance provides that a waiver of sovereign immunity is applicable only to “[t]he [disenrolled] member”, not the affected member’s heir or descended. Enrollment Ordinance, Section (i)(3). Thus, an allegation of standing as a descended or hem fails to provide a necessary waiver of sovereign immunity applicable to such status.
In addition, allegations in the Petition relating to violations of civil rights or the Tribal Constitution do not remove this matter from an analysis of the Enrollment Ordinance’s sovereign immunity waiver. As stated in a prior matter, “challenging an enrollment decision as a violation of constitutional rights does not take the challenge outside the parameters of the Enrollment Ordinance and does not turn the Petition into something Petitioner chooses to call a non-administrative-appeal claim. Such claims are governed by the Enrollment Ordinance, and do not become a separate civil action.” Crocker v. Confederated Tribes of the Grand Ronde Community of Oregon Tribal Council, Case No. C-13-09-002 at 7 (Grand Ronde Tribal Ct. May 29, 2014)(Order Denying Request to Supplement the Record and Denying Request for Discovery)(internal quotation omitted).
*169 The Court’s jurisdiction to consider an appeal of a Tribal disenrollment determination is limited by the Enrollment Ordinance and the narrow, explicit, written sovereign immunity waiver contained therein. To the extent the Tribe has consented to suit, any conditional limitation or terms it imposes on that consent must be strictly construed and applied. Namekagon Dev. Co. v. Bois Forte Res. Hous. Auth., 517 F.2d 508, 509 (8th Cir.1975). Finding ambiguity in the Enrollment Ordinance, or hypothetical applications with material facts removed from context cannot, and do not, constitute a sufficient allegation of an applicable waiver of sovereign immunity to a petitioner.
The Enrollment Ordinance is far from a picture of clarity on addressing deceased individuals on the membership roll related to living individuals that are subject to independent notice and process prior to disenrollment. Petitioner alleges thematically within its Petition the cultural norms in Indian County regarding treatment of the deceased and related obligations and duties of the living to protect and honor the deceased. However, these cultural norms do not dictate that the Tribe has exceeded its Constitutional authority to administer the Tribal membership rolls, and enact a Tribal Enrollment Ordinance that fails to provide a process for how deceased members are removed from the membership roll when related to an unsuccessful appeal of a similarly situated living relative. Instead, they perhaps merely reference policy choices that the membership and the Tribal electorate can address in a different forum than this Court of law.
Here, the Enrollment Ordinance is interpreted as legally sufficient to provide a process to only living members to appeal their own proposed disenrollment. The Tribe is also interpreted to hold the Constitutional authority to remove deceased members after an administrative process is complete on a similarly situated living relative, and without a related obligation to provide independent notice and an independent administrative appeal.
NOW THEREFORE, IT IS ORDERED that this matter is dismissed with prejudice.